# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACK MILLIGAN, D.O., | ) | |
| | ) | |
| Appellant, | ) | C.A. No.: K22A-12-001 RLG |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE BOARD OF | ) | |
| MEDICAL LICENSURE AND | ) | |
| DISCIPLINE, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted:  February 24, 2023
Decided: May 26, 2023

## <u>ORDER</u>

**Upon Appellant's Motion to Stay – DENIED.**

James E. Liguori, Esq., Liguori & Morris, Dover, Delaware. *Attorney for Appellant Jack Milligan, D.O.*

Daniel C. Mulveney, Esq. and Kembia S. Lydia-Moore, Esq., Department of Justice, Wilmington, Delaware. *Attorneys for Appellee Delaware Board of Medical Licensure and Discipline.*

**GREEN-STREETT, J.**

Appellant, Jack Milligan, D.O., is a Delaware-licensed physician whose license was suspended by the Delaware Board of Medical Licensure and Discipline (the "Board") for "dishonorable," "highly unprofessional," and "unethical" conduct related to his treatment of, interaction with, and prescription of medication to a longtime female patient.[1] Dr. Milligan now seeks a stay of the suspension of his license pending the outcome of this appeal. It is not manifest on the face of Dr. Milligan's application that any substantial issue will be raised on appeal or that irreparable harm will result. Therefore, Appellant's Motion to Stay must be **DENIED**.

## BRIEF BACKGROUND AND PROCEDURAL POSTURE

On October 21, 2021, a professional licensure complaint was filed against Dr. Milligan. The complaint centers around Dr. Milligan's treatment of two female patients – G.B. and S.C. The allegations against Dr. Milligan include sexual impropriety, prescription monitoring deficiencies, and recordkeeping inadequacies.

A two-day hearing was conducted by the Chief Hearing Officer. Following the hearing, the Chief Hearing Officer concluded that Dr. Milligan had not acted ethically and violated the Board's statutes and regulations. The Chief Hearing

---

[1] Appellant's Mot. to Stay, Ex. 4, (hereinafter "Final Order"), 13.

Officer recommended that Dr. Milligan's medical license be suspended for a period of one year followed by three years of probation.

Ultimately, the Board sanctioned Dr. Milligan based on the conduct involving S.C. only. After explaining that the allegations concerning G.B. did not factor into its decision, the Board suspended Dr. Milligan's medical license for two years, effective November 1, 2022. Dr. Milligan filed a Notice of Appeal of the Board's Final Order in this Court on December 9, 2022. With the appeal, Dr. Milligan also filed the instant Motion to Stay.

## STANDARD OF REVIEW

A stay of an agency sanction is controlled by 29 Del. C. § 10144. Enforcement of an agency's decision may be stayed by this Court "only if it finds, upon a preliminary hearing, that the issues and facts presented for review are substantial and the stay is required to prevent irreparable harm."[2] In analyzing this question, the Court balances all of the equities together – that is, the Court balances the likelihood of the appellant being successful on appeal; whether the appellant will suffer irreparable harm; and whether any other interested party or the public will be

---

[2] Denham v. Delaware Bd of Mental Health & Chem. Dependency Pros, 2017 WL 1505225, at *1 (Del. Super. Apr. 20, 2017) (citing 29 Del. C. § 10144).

harmed.[3]  Further, an appellant must present evidence that any alleged harms will actually occur.[4]  Speculative harm does not serve as a basis for irreparable harm.[5]

## DISCUSSION

Dr. Milligan bears the burden of showing that his arguments are "substantial" within the meaning of the statute.  While Dr. Milligan proffers a denial of due process and overreliance on cumulative type evidence as arguments, these arguments do not catapult Dr. Milligan over the intentionally high, statutory threshold of "substantial."  Dr. Milligan points to no substantial issue of law or fact to justify the granting of a stay. Notably, much of Dr. Milligan's argument in support of the stay centers around due process concerns related to G.B.  The Board explicitly stated that its decision to impose discipline related in no way to the allegations concerning G.B.

Even if Dr. Milligan could satisfy the "substantial issue" requirement under § 10144, he fails to establish that he will suffer irreparable harm.  This Court has held – repeatedly – that suspension or loss of licensure is not, standing alone, an irreparable harm.  "This conclusion aligns with common sense: if all license suspensions were considered irreparable harm, then every licensing action taken by

---

[3] Id.

[4] RiseDelaware Inc. v. DeMatteis, 2022 WL 11121549, at *3 (Del. Super. Oct. 19, 2022).

[5] Id.

administrative agencies regulating those licenses would be subject to stay for that reason alone."[6] "Administrative agencies' ability to act quickly to impose consequences for inappropriate behavior would be undermined."[7]

## CONCLUSION

Accordingly, after balancing all relevant factors, Dr. Milligan has failed to convince the Court that he has a substantial issue for review or that a stay will avoid causing irreparable harm. The Motion to Stay is **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[6] Cobb v. Delaware Thoroughbred Racing Commission, 2021 WL 3660813, at * 2 (Del. Super. Aug. 17, 2021).

[7] Id.

5